UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BREEZE SMOKE LLC,

      Plaintiff,

v.

                                           Case No. 24-cv-12467
                                           Hon. Matthew F. Leitman

NEW WAVE ENTERPRISE LLC,

      Defendant.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF BREEZE SMOKE LLC'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (ECF No. 71)

Plaintiff Breeze Smoke LLC is a leading manufacturer, distributor, and seller of electronic nicotine delivery systems ("ENDS") – also known as vaping products – throughout the United States.  Breeze Smoke has been granted trademarks for the use of the term "BREEZE" in connection with its sale and marketing of its ENDS products.  In this action, Breeze Smoke alleges that Defendant New Wave Enterprise LLC ("New Wave") has infringed the BREEZE marks and engaged in unfair competition. (*See* Sec. Am. Compl., ECF No. 26.)

Now before the Court is Breeze Smoke's motion for summary judgment. (*See* Mot., ECF No. 71.)  New Wave has not filed a response to the motion, nor has it requested additional time to do so.  Indeed, New Wave has not even acknowledged the filing of the motion.  New Wave's failure to respond to the motion is typical of

1

its repeated failures to make timely and required filings in this action. (*See* Reply, ECF No. 77 – outlining New Wave's myriad failures).  For the reasons explained below, the Court **GRANTS** Breeze Smoke's motion with respect to the claims in Counts I-III and VI in its Second Amended Complaint and **DENIES** the motion with respect to Count IV.[1] (Breeze Smoke did not move for summary judgment on Count V.)

**I**

**A**

The essential facts in this action are straightforward.  Breeze Smoke manufactures, sells, and distributes of a variety of vaping and smoking alternative products which it sells under its BREEZE marks. (*See* Declaration of Steven Haddad at ¶ 5, ECF No. 73, PageID.4848-4849.)  Breeze Smoke owns numerous valid and subsisting federal registrations for its BREEZE marks, including U.S. Trademark Registration Nos. 7,561,752 (BREEZE); 6,770,534 (BREEZE PLUS); 6,296,005 (BREEZE); 6,296,004 (BREEZE); 6,976,563 (BREEZE SMOKE); 6,992,438 (BREEZE PRO); 7,552,704 (BREEZE ODOR); 7,671,271 (BREEZE PRO); 8,060,913 (BREEZE). (*See id.* at ¶ 15, PageID.4853-4856.)  Breeze Smoke and its

---

[1] The Court concludes that it may resolve Breeze Smoke's motion without a hearing. *See* E.D. Mich. Local Rule 7.1(f)(2).

predecessors in interest have used the BREEZE marks continuously in commerce since 2014. (*See id.* at ¶¶ 9-13, PageID.4849-4851.)

New Wave is in the business of, among other things, selling ENDS products like those marketed and sold by Breeze Smoke.  New Wave has been selling some of its ENDS products under the "C-BREEZE" mark. (*See id.* at ¶¶ 44-45, PageID.4866.)   While New Wave recognizes that Breeze Smoke has a federal registration for the BREEZE mark, New Wave claims to have "valid and subsisting common law rights in [the] 'C-BREEZE' trademark" on the basis that its first used the mark in commerce in 2014 – well before Breeze Smoke began using the BREEZE marks. (*See* Counterclaim, ECF No. 33, PageID.2542.)

**B**

On September 19, 2024, Breeze Smoke filed this action for trademark infringement based upon New Wave's use of the C-BREEZE mark. (*See* Compl., ECF No. 1.)  Breeze Smoke thereafter moved for a preliminary injunction barring New Wave from using the C-BREEZE mark in connection with the marketing and sale of ENDS products. (*See* Mot., ECF No. 24.)  The Court granted that motion and entered the requested injunction. (*See* Order, ECF No. 47.)

Breeze Smoke has amended its original Complaint twice, and the Second Amended Complaint is now the operative pleading in this action. (*See* Sec. Am.

3

Compl., ECF No. 26.)  In that pleading, Breeze Smoke asserts the following claims

against New Wave:

- Count I – Federal Trademark Infringement of a Registered Mark

- Count II – Federal Unfair Competition and False Designation of Origin

- Count III – Common Law Unfair Competition

- Count IV – Unjust Enrichment

- Count V – Tortious Interference With Business Expectancy

- Count VI – Declaratory Judgment of Non-Infringement and Non-Cancellation by TTAB

Discovery closed on February 26, 2026.  Breeze Smoke thereafter filed its

motion for summary judgment. (*See* Mot., ECF No. 71.[2])   In that motion, Breeze

Smoke seeks summary judgment on all of the claims in the Second Amended

Complaint other than Count V. (*See id.*)  New Wave neither filed a response to the

motion nor contacted the Court to seek additional time to respond to the motion.

---

[2] Breeze Smoke has two summary judgment motions currently pending on the Court's docket: ECF No. 70 and ECF No. 71. The summary judgment motion at docket number 71 is the "corrected" and operative version of Breeze Smoke's motion.  The Court therefore **TERMINATES AS MOOT** Breeze Smoke's initial motion found at docket number 70.

## II

## A

Breeze Smoke seeks judgment as a matter of law under Rule 56 of the Federal Rules of Civil Procedure. Under that rule, a movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (quoting Fed. R. Civ. P. 56). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* But "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251–52.

## B

As noted above, New Wave has failed to respond to Breeze Smoke's pending motion for summary judgment.  New Wave has therefore forfeited any argument that it may wish to make in opposition to that motion. *See Coleman v. City of Toledo*, No. 3:21 CV 1834, 2023 WL 5748713, at *6 (N.D. Ohio Sept. 6, 2023) ("In the Sixth Circuit, when a nonmovant fails to substantively respond to a motion for summary judgment, the nonmovant forfeits the issues and arguments.").  But New Wave's

5

failure to respond does not automatically entitle Breeze Smoke to judgment in its

favor.  As the Sixth Circuit has explained:

> Even where a party "offer[s] no timely response to [a] [ ] motion for summary judgment, the District Court [may] not use that as a reason for granting summary judgment without first examining all the materials properly before it under Rule 56(c)." *Smith v. Hudson,* 600 F.2d 60, 65 (6th Cir.1979). This is so because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." *Id.* at 64. Therefore, even where a motion for summary judgment is unopposed, a district court must review carefully the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 630 (6th Cir. 2014).  "However,

'[n]either the trial nor appellate court ... will *sua sponte* comb the record from the

partisan perspective of an advocate for the non-moving party.'" *Id*. n. 11 (quoting

*Guarino v. Brookfield Tp. Trs.,* 980 F.2d 399, 410 (6th Cir.1992)).

### III

The Court has reviewed Breeze Smoke's motion and supporting evidence, and

based upon that review, the Court concludes that Breeze Smoke is entitled to

summary judgment on Counts I-III and VI of its Second Amended Complaint, but

not on Count IV, for the reasons explained below.

## A

The Court begins with Breeze Smoke's claim for federal trademark infringement in Count I of the Second Amended Complaint.  To prevail on that claim, Breeze Smoke must show "that: (1) it owns the registered trademark; (2) [New Wave] used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).  Here, the second and third elements are not in dispute. New Wave admits that it has been using a BREEZE-formative mark (the C-BREEZE mark) in commerce, and New Wave insists that its C-BREEZE mark and Breeze Smoke's BREEZE marks are "confusingly similar." (Counterclaim, ECF No. 33, PageID.2542-2543.[3])

The real fight here is over who has ownership rights in the BREEZE marks. Breeze Smoke has shown that it has federal registrations for those marks. (*See* Haddad Decl. at ¶ 15, ECF 73, PageID.4853-4856.)  Those registrations constitute *prima facie* evidence of Breeze Smoke's ownership of the BREEZE marks and of its exclusive rights to use the marks nationwide in connection with the goods listed on the registrations and related goods and services. *See* 15 U.S.C. § 1115(a); *Homeowners Grp., Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1105 (6th

---

[3] Even if New Wave had not admitted the likelihood of confusion element, the Court would find that Breeze Smoke has presented a compelling showing of likelihood of confusion for the reasons (and based upon the evidence) set forth in its motion. (*See* Mot., ECF No. 71, PageID.3543-3549.)

7

Cir. 1991) (explaining that registration is "at least *prima facie* evidence of the registrant's ownership and exclusive right to use of a mark.").   Breeze Smoke's "prior appropriation and actual use" of the BREEZE marks further establishes its ownership of those marks. *Homeowners Grp.*, 931 F.2d at 1105.

In prior filings, New Wave has contended that it has common-law ownership rights to the BREEZE marks (and thus the continued right to use the C-BREEZE mark) because it first used the C-BREEZE mark in commerce in 2014 – well before Breeze Smoke registered or used its BREEZE marks – and then used the C-BREEZE mark continuously thereafter. (*See* Counterclaim, ECF No. 33.)  But Breeze Smoke has demonstrated in detail that New Wave's attempted showing of its claimed prior use falls far short of establishing any common-law ownership rights in the BREEZE marks.

In order to demonstrate that its prior use of the C-BREEZE mark gave rise to common-law ownership rights in BREEZE marks, New Wave had to show that its use of the C-BREEZE mark was "deliberate and continuous, not sporadic, casual or transitory." *Cir. City Stores, Inc. v. CarMax, Inc.*, 165 F.3d 1047, 1054–55 (6th Cir. 1999) (quoting *La Societe Anonyme des Parfums le Galion v. Jean Patou, Inc.,* 495 F.2d 1265, 1272 (2d Cir.1974)).  New Wave primarily attempted to show such use through a series of invoices that purportedly show its sales of products bearing the C-BREEZE mark.  But those "[i]nvoices alone cannot demonstrate trademark use."

8

*S Indus., Inc. v. Diamond Multimedia Sys., Inc.*, 991 F. Supp. 1012, 1019 (N.D. Ill. 1998).  That is because invoices are private communications between a buyer and a seller, and the only type of use that establishes ownership is "open or public use." *AWGI, L.L.C. v. Atlas Trucking Co., L.L.C.*, No. 17-12131, 2020 WL 3546100, at *39 (E.D. Mich. June 30, 2020) (explaining why receipts did not show use), *aff'd sub nom. AWGI, LLC v. Atlas Trucking Co., LLC*, 998 F.3d 258 (6th Cir. 2021).

New Wave also submitted some photographs, packaging, labels, and mock-ups purportedly showing its use of the C-BREEZE mark, but these materials also fell short of establishing New Wave's prior use of the mark.  As Breeze Smoke explained in detail (with citations to the supporting record evidence), many of the photographs were not of sufficient quality to depict the C-BREEZE mark, and the packaging was a proposed mock-up, not packaging that had actually been used in commerce. (*See* Mot., ECF No. 71, PageID.3536.)

Next, even if New Wave had established common-law ownership rights in the BREEZE marks through its earlier use of the C-BREEZE mark, the evidence in the record shows that New Wave abandoned those rights.  The Lanham Act provides the following with respect to abandonment:

> A mark shall be deemed to be "abandoned" if either of the following occurs:
>
> (1) When its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances. Nonuse for 3

9

> consecutive years shall be prima facie evidence of abandonment. "Use" of a mark means the bona fide use of such mark made in the ordinary course of trade, and not made merely to reserve a right in a mark.

15 U.S.C. § 1127.  Here, interrogatory answers that New Wave served in a prior administrative proceeding between the parties confirm that New Wave did not sell products bearing the C-BREEZE mark from early 2016 until 2019. (*See* New Wave Discovery Resp., ECF No. 73-20, PageID.5930; Haddad Decl. at ¶ 50, ECF No. 73, PageID.4867.)  Likewise, in this case, New Wave failed to respond to a request for admission asking it to admit – and thus admitted – that it has "no evidence showing use of the C-BREEZE mark in the United States between January 2021 and 2024." (Breeze Smoke Req. for Admission at ¶ 22, ECF No. 72-2, PageID.3526; Decl. of Jeffrey K. Lamb at ¶¶ 3-4, ECF No. 72, PageID.3552-3553.)  New Wave attempted to counter this evidence with a ledger that supposedly showed its use of the C-BREEZE mark during these periods, but the ledger does not list any customers, does not indicate where any products listed were sold or where or when any products were allegedly shipped, and does not show whether any transactions were actually paid. (*See* Lamb Decl. at ¶ 14, ECF No. 72, PageID.3554; Ledger, ECF No. 72-8.)  Moreover, the ledger was first produced after the close of fact discovery, and thus New Wave may not rely upon it.  For all of these reasons, the Court concludes that

New Wave abandoned any rights it may have had in the C-BREEZE mark that it claims to have acquired through its prior use in 2014.

In conclusion, there is no dispute of material fact with respect to the one element of Breeze Smoke's trademark infringement claim that is actually in dispute: whether Breeze Smoke owns the BREEZE marks. The undisputed evidence shows that Breeze Smoke does own those marks and that New Wave does not have superior ownership rights (or any ownership rights) in the C-BREEZE mark. Accordingly, Breeze Smoke is entitled to summary judgment on its trademark infringement claim in Count I of its Second Amended Complaint.

**B**

The Court next turns to Breeze Smoke's federal unfair competition claim in Count II of the Second Amended Complaint. The "essence" of this claim is "likelihood of confusion," and therefore "the same factors are considered" in evaluating that issue for purposes of this claim as those that are used in evaluating a claim of trademark infringement. *Wynn Oil Co. v. Am. Way Serv. Corp.*, 943 F.2d 595, 604 (6th Cir. 1991). Here, as noted above, New Wave concedes that the competing uses of its C-BREEZE mark and Breeze Smoke's BREEZE marks would create a likelihood of confusion. For that reason, and for all of the reasons explained in the preceding section, Breeze Smoke is entitled to summary judgment on its unfair competition claim.

11

## C

Next, the Court addresses Breeze Smoke's claim for common law unfair competition under Michigan law in Count III of the Second Amended Complaint. This claim is governed by the same "likelihood of confusion" standard that governs Breeze Smoke's federal claim for unfair competition. *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F.2d 831, 833 (6th Cir. 1983). And, again, since New Wave concedes a likelihood of confusion, Breeze Smoke is entitled to summary judgment on this claim.

## D

Next up is Breeze Smoke's claim for unjust enrichment in Count IV of the Second Amended Complaint. The Court is not yet persuaded that Breeze Smoke is entitled to judgment as a matter of law on this claim. In order to prevail on this claim, Breeze Smoke "must demonstrate: (1) the receipt of a benefit by [New Wave] from [Breeze Smoke] and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party." *Karaus v. Bank of New York Mellon*, 831 N.W.2d 897, 906 (Mich. App. 2012). It is not yet clear to the Court that New Wave received a benefit "from" Breeze Smoke when New Wave infringed Breeze Smoke's trademark and engaged in unfair competition. And the Court has not found any controlling authority that conclusively establishes New Wave's proven

misconduct is actionable under an unjust enrichment theory.[4]  The Court therefore declines to grant summary judgment in favor of Breeze Smoke on its unjust enrichment theory at this time.

E

Finally, the Court turns to Breeze Smoke's request for a declaratory judgment in Count VI of the Second Amended Complaint.  In that claim, Breeze Smoke seeks a declaration that (1) its BREEZE marks do not infringe on New Wave's purported rights in the C-BREEZE mark and that (2) the registrations of its marks should not be canceled by the TTAB on the basis of New Wave's claimed priority.  For all of the reasons explained above, Breeze Smoke is entitled to summary judgment on this claim and is entitled to the declaration it seeks.  Simply put, as explained above, the Court has determined as a matter of law that Breeze Smoke holds valid ownership interests in its BREEZE marks and that New Wave's claimed ownership rights in the C-BREEZE mark are not superior to Breeze Smoke's rights.

---

[4] Breeze Smoke offers no independent analysis of its unjust enrichment claim.  It simply asserts that the standard for that claim is the same as the standards governing its other claims.  In support of that proposition, *Breeze Smoke* cites *Laukus v. Rio Brands, Inc.*, 391 F. App'x 416, 420 (6th Cir. 2010), but the Court is not persuaded that *Laukus* provides strong support for that proposition.

## IV

Breeze Smoke's motion for summary judgment (ECF No. 71) is **GRANTED** with respect to the claims in Counts I-III and VI of its Second Amended Complaint and **DENIED** with respect to the claim in Count IV of the Second Amended Complaint. This grant of summary judgment is to liability only (and not damages) on the identified claims.

    **IT IS SO ORDERED.**

                    s/Matthew F. Leitman
                    MATTHEW F. LEITMAN
                    UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 8, 2026, by electronic means and/or ordinary mail.

                    s/Holly A. Ryan
                    Case Manager
                    (313) 234-5126